UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 24.151.79.4,<br><br>    Defendant. | Civil Action No. 3:18-cv-00676-MPS |

## PARTIES' JOINT STATUS REPORT

On July 26, 2019, the Court entered a scheduling order instructing Plaintiff, Strike 3 Holdings, LLC, and Defendant, John Doe subscriber assigned IP address 24.151.79.4 (jointly referred to as the "Parties"), to file a Joint Status Report by October 14, 2019.[1] Pursuant to the Court's Order, the Parties submit the following Joint Status Report:

**(a) The status of the case, describing the status of discovery and identifying any pending motions and any circumstances potentially interfering with the parties' compliance with the scheduling order:**

On August 21, 2019, Plaintiff served its First Set of Requests for Production and Interrogatories on Defendant. Pursuant to the Federal Rules, Defendant's responses were due September 20, 2019. However, on September 9, 2019, defense counsel requested a 30 day extension of time to respond to discovery. Plaintiff would not consent to an additional 30 days

---

[1] This deadline was on a legal holiday – Columbus Day. Accordingly, pursuant to Fed. R. Civ. P. 6(a)(1)(C), the instant status report is timely.

and instead agreed to a 14-day extension only, thereby extending the deadline to October 4, 2019.  On October 4, 2019, defense counsel again requested an additional week to respond to discovery.  Plaintiff consented and extended the deadline to October 11, 2019.   On October 11, 2019, Defense counsel requested another extension, moving the deadline to October 15, 2019.  Plaintiff reluctantly agreed.  As of the filing of this report, Plaintiff has received Defendant's responses to Plaintiff's paper discovery.

The Defendant contends that the Plaintiff's written discovery overreaches and subject to numerous objections.  The foregoing being said, the Defendant has submitted his discovery responses.  The Defendant and his counsel remain amenable to attempting to work through any discovery disputes prior to court involvement.

The Defendant intends to issue written discovery to the Plaintiff and, possibly, third parties.  Both parties intend to conduct depositions.

In light of Plaintiff's allegations in this case, Plaintiff sought additional subscriber information regarding Defendant's Internet account including but not limited to past copyright infringement notices sent to Defendant.  Accordingly, on September 10, 2019, Plaintiff prepared a subpoena directed to Defendant's Internet Service Provider ("Spectrum" or "ISP").  However, disclosure of a subscriber's personally identifiable information is protected by the Cable Communications Policy Act ("Communications Act").  To avoid court intervention, on September 10, 2019, Plaintiff requested Defendant's consent for the release the subpoenaed subscriber information.  On September 19, 2019, Defendant consented to the ISP's release of the requested subscriber information.  On September 23, 2019, Plaintiff's counsel copied the Defendant's counsel on an email to the third-party about a consent form.  On September 24, 2019, Plaintiff obtained a consent form from the ISP and, on October 7, 2019, Plaintiff revised

the form and e-mailed it to defense counsel (clm@muddlaw.com) on October 8, 2019 at 9:50 am EST. After searching, the Defendant's counsel found the email sent on October 8, 2019 containing the revised form. Defendant's counsel has no objection to the revised form and has forwarded it to the Defendant for review and signature. The foregoing being said, the Defendant's counsel wants to ensure that the scope of the information requested in the subpoena to the ISP remains that agreed upon in September 2019.

Plaintiff's position is that Defendant's delay in providing discovery responses and a signed consent form substantially impacts Plaintiff's ability to adhere to the Court ordered deadlines.[2]

The Defendant contends that it has been a week since receiving the consent form. In that time, there has been a holiday. Defendant's counsel and the Defendant have every intent to cooperate with respect to reasonable requests. Indeed, the Defendant consented to the release of information in September. As such, the Defendant objects to the characterization that he or his counsel have unnecessarily caused any delay.

Nevertheless, the Parties are in agreement that they will make every effort to complete discovery by January 15, 2020, but they are likely to need an extension of time.

---

[2] Plaintiff relies on Defendant's responses in order to proceed with additional discovery, and therefore, to date, Plaintiff has been unable to conduct other necessary discovery. To explain, Plaintiff's requests for production seek the computers Defendant operated at his residence during the period of infringement. Plaintiff intends on retaining experts to examine those devices and compose an expert report regarding same. Additionally, Defendant's production of documents (if any) will be the subject of deposition questions. As such, Plaintiff was unable to proceed with other discovery until Defendant provided responses to Plaintiff's discovery requests. Plaintiff only received the responses today.

From Defendant's perspective, the wholesale request for complete forensic images of any computer operated in the residence to be produced without restriction exceeds the bounds of reasonableness. Among other objections to the Plaintiff's discovery requests, the Defendant's objected to such production. The Defendant's counsel remains willing to discuss the contours of electronic discovery according to the practices adopted in the federal courts. But, without the Plaintiff's counsel proposing reasonable terms in which to pursue electronic discovery, the Defendant's counsel objects to the Plaintiff's complaint of any delays from the Defendant. The Plaintiff could very well have expedited matters by proposing reasonable terms. It did not.

**(b) Interest in referral for settlement purposes to a United States Magistrate Judge or to the District's special masters program**;

The Parties are interested in referral for settlement purposes to a United States Magistrate Judge or to the District's special masters program.

**(c) Whether the parties will consent to a trial before a magistrate judge; and**

The Parties do not consent to a trial before a magistrate judge.

**(d) The estimated length of trial.**

The Parties expect trial to last 4 (four) days.

Dated: October 15, 2019                                             Respectfully submitted,

| /s/ *Jacqueline M. James* <br> Jacqueline M. James, Esq. (1845) <br> The James Law Firm, PLLC <br> 445 Hamilton Avenue <br> Suite 1102 <br> White Plains, New York 10601 <br> T: 914-358-6423 <br> F: 914-358-6424 <br> E-mail: jjameslaw@optonline.net <br> *Attorneys for Plaintiff* | /s/Charles Lee Mudd Jr.\_____ <br> Charles Lee Mudd , Jr. <br> Mudd Law <br> 3114 West Irving Park Road <br> Suite 1 <br> Chicago, IL 60618 <br> 773-588-5410 <br> Fax: 773-588-5410 <br> Email: clm@muddlaw.com <br> *Attorneys for Defendant* |
|---|---|