## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 3:18-cv-00676-MPS |
| | ) |
| v. | ) |
| | ) Hon. Judge Michael P. Shea |
| JOHN DOE subscriber assigned IP address 24.151.79.4, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT JOHN DOE'S RESPONSE TO PLAINTIFF STRIKE 3 HOLDINGS, LLC'S MOTION TO EXTEND CASE MANAGEMENT DEADLINES

NOW COMES DEFENDANT JOHN DOE ("Defendant"), by and through his counsel, Mudd Law Offices, and files his Response to Strike 3 Holdings, LLC's ("Plaintiff") Motion to Extend Case Management Deadlines ("Motion"), stating as follows:

At the end of the day, the Defendant has no objection to the relief sought in the Plaintiff's Motion. However, the Defendant's counsel does object to the misleading characterization of events that occurred over the last two of months.

To begin with, as she admits, the Plaintiff's counsel sent the undersigned counsel an electronic mail ("email") seeking to extend the case management deadlines at 9:39 pm Eastern on October 17, 2019. Pl.'s Mot. Extend Case Management Deadlines ("Pl.'s Mot."). In the Motion, the Plaintiff's counsel fails to state that her email followed the Defendant timely disclosing to the Plaintiff earlier in the day that, at this time, the Defendant had no experts or reports to disclose on matters for which the Defendant has the burden of proof. That being said, should the deadlines be extended, the Defendant reserves the right to identify such experts, if any, prior to the new deadline.

As to "numerous" extensions to respond to the Plaintiff's written discovery, the Plaintiff fails to disclose relevant aspects to the Defendant's requests. To begin with, on September 9, 2019, well before the initial deadline of September 20, 2019, the undersigned counsel requested a 30-day extension explaining that his firm happened to be in the midst of an office move. The requested extension would have placed the new deadline at October 20, 2019. In response, the Plaintiff's counsel indicated her client agreed to a 14-day extension and asked whether "that would be sufficient." The undersigned counsel hoped that it would be and worked toward the new deadline of October 4, 2019. However, with being out of country for a week, the scope and breadth of certain discovery requests, and other matters, the responses could not be completed as planned. Consequently, on October 4, 2019, the undersigned counsel requested an additional week (which followed up on a prior email from his associate to the Plaintiff's counsel). The Plaintiff's counsel agreed to the extension without complaint. On Friday, October 11, 2019, with the responses nearly complete, the undersigned counsel requested that the Defendant be provided until Tuesday, October 15, in which to provide the discovery responses given Monday, October 14, 2019, happened to be a holiday. On October 15, 2019, the Defendant provided his written discovery responses with proper notarized signatures. And, in fact, had the Plaintiff agreed to the original extension request, the Defendant submitted his discovery responses prior to what would have been the requested deadline. Regardless, the Defendant and his counsel acted diligently to respond to the Plaintiff's written discovery requests.

With respect to the discovery from the Plaintiff, the Defendant does indeed have objections. For example, the Defendant certainly objects to the *carte blanche* relinquishment of whole forensic copies of his computer hard drives to Plaintiff's counsel and its experts without appropriate and reasonable restrictions. That being said, the Defendant remains willing to

establish reasonable electronic discovery protocols anticipated by the District's local rules (proposed Form 26(F) Report of Parties' Planning Meeting), the Federal Judicial Center's Managing Discovery of Electronic Information (3d Ed.) (https://www.fjc.gov/sites/default/files/2017/Managing_Discovery_of_Electronic_Information_3d_ed.pdf), the District of Maryland's *Principles for the Discovery of Electronically Stored Information in Civil Cases* (https://www.mdd.uscourts.gov/sites/mdd/files/ESI-Principles.pdf), and/or other applicable standards

      As to the joint status report, the undersigned counsel sent an email to the Plaintiff's counsel on October 11, 2019 reminding her that the Parties needed to complete a joint status report. On October 15, 2019 at 11:17am, the undersigned counsel received an email containing a proposed joint status report and requesting that it be returned by 3:00pm (presumably Eastern) the same day. Despite the short notice, the undersigned counsel returned a redlined version of the joint status report at 2:31pm Eastern. It would seem this constitutes a prompt response.

      Finally, as to the third-party consent form, the Defendant timely consented to the disclosure of content from Charter Communications ("Charter") without objection. On September 24, 2019, Charter sent the Plaintiff's counsel a consent form to be completed. On October 8, 2019, two weeks later, the Plaintiff's counsel sent the undersigned counsel a redlined consent form. The undersigned counsel needed to review the redlined consent form and explain all of its contents to the Defendant such that the Defendant understood the contents and meaning thereof. That less time has elapsed for this purpose than the Plaintiff's counsel required to amend a short consent form should not be a basis for objection.

      Throughout the events described above, the Defendant and his counsel have acted in good faith. To be sure, the undersigned counsel respects this Court, its rules, the bar, and the

obligations to proceed effectively and economically in the management of litigation.  Counsel for parties can easily represent their positions without omissions and mischaracterizations of what has actually occurred.  Consequently, to the extent the Plaintiff's Motion (and narrative in the joint status report) misrepresents what has occurred over the last two months, the Defendant and his counsel object.  Though perhaps unnecessary, the undersigned counsel does not want this Court to perceive the Defendant or his counsel as dilatory or remiss in efforts to participate actively in the litigation.

In sum, the Defendant and his counsel have intended to be reasonable throughout despite significant opposition to the nature of the Plaintiff's litigation and tactics.  This shall continue.  Consequently, he has no objection to the proposed dates in the Motion.


Dated: October 17, 2019                                   DEFENDANT,
                                                          [REDACTED]

                                                          /s/ Charles Lee Mudd Jr.
                                                          Charles Lee Mudd Jr.


Charles Lee Mudd Jr.
MUDD LAW OFFICES
411 S. Sangamon Street
Suite 1B
Chicago, Illinois 60607
312.964.5051 (Telephone)
312.803.1667 (Facsimile)
charles@muddlaw.com

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 3:18-cv-00676-MPS |
| ) | |
| v. ) | |
| ) | Hon. Judge Michael P. Shea |
| JOHN DOE subscriber assigned IP address ) | |
| 24.151.79.4, ) | |
| ) | |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

    I, Charles Lee Mudd Jr., do hereby certify that service of **RESPONSE TO PLAINTIFF STRIKE 3 HOLDINGS, LLC'S MOTION TO EXTEND CASE MANAGEMENT DEADLINES** shall be accomplished pursuant to Electronic Case Filings ("ECF") as to ECF Users and shall be sent by First Class Mail to any non-ECF parties having filed appearances listed in the Service List below all on the 17th date of October, 2019.

                                               /s/ Charles Lee Mudd Jr.
                                               Charles Lee Mudd Jr.

Charles Lee Mudd Jr.
MUDD LAW OFFICES
411 S. Sangamon Street
Suite 1B
Chicago, Illinois 60607
312.964.5051 (Telephone)
312.803.1667 (Facsimile)
charles@muddlaw.com

**SERVICE LIST**

All Parties are ECF Users.